UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARYL MARDEN, Personal Representative
of the Estate of JACK BRIAN MARDEN,
deceased,

    Plaintiff,                                 No. 1:15-cv-14504-TLL-PTM

v                                        Hon. Thomas L. Ludington

COUNTY OF MIDLAND, et al,

    Defendants.
_____/

## ORDER DIRECTING SUPPLEMENTAL BRIEFING ON SETTLEMENT APPROVAL AND DISTRIBUTION OF PROCEEDS

On September 19, 2017, the Court entered an Indicative Order Accepting Limited Remand to Conduct Hearing on Proposed Settlement Agreement and Distribution of Proceeds. ECF No. 78. On September 20, 2017, Plaintiff submitted a Motion to Approve Settlement of a Claim for Wrongful Death and Allow Distribution of Proceeds. ECF No. 79. On September 21, 2017, the U.S. Court of Appeals for the Sixth Circuit remanded the case to this Court to conduct a hearing on the proposed settlement and distribution of proceeds. ECF No. 80.

The Motion requests the Court to approve the settlement agreement and order distribution of the proceeds pursuant to MCLA 600.2922. Mot. at 4–5. The instant Motion and Brief do not discuss Plaintiff's compliance with the requirements of MCLA 600.2922. Among other things, the statute delineates procedural requirements a personal representative must comply with, such as serving notice on potentially interested persons within thirty days of the commencement of an action, "in the manner and method provided in the rules applicable to probate court proceedings." MCLA 600.2922(2)-(4). Section 6(b) further directs notice of the hearing on

distribution of the proceeds "in the time, manner, and method provided in the rules applicable to probate court proceedings." MCLA 600.2922(6)(b). The Motion and Brief in Support do not inform the Court of any pending probate court proceeding, the notice procedures established in such proceeding, or the personal representative's compliance therewith. The Motion only notes that MCLA 600.2922 requires the Court to conduct a hearing on the reasonableness of the settlement, and that Cherie Ann Kerns and Bradley Joseph Schank are interested persons but are not expected to make a claim. Mot. at 3, Br. in Supp. at 2.

It appears from the record that the only notice provided to Ms. Kerns and Mr. Schank was service of the Motion to Approve Settlement. *See* Br. in Supp. at 4 (Certificate of Service). It is unclear if they were also served notice of the hearing on distribution of the proceeds. Assuming they were, the Court still cannot determine whether these interested persons have received adequate notice of the hearing on distribution of the proceeds "in the time, manner, and method provided in the rules applicable to probate court proceedings." MCLA 600.2922(6)(b). The earliest the interested persons could have received notice of the hearing was September 19. It is unclear if this provides them sufficient notice for an October 4 hearing.

MCLA 600.2922 also outlines the procedure for distribution of the proceeds. MCLA 600.2922(6)(d)-(e). The instant Motion and Brief in Support do not cite to applicable sections or subsections of the statute that direct their proposed distribution. Section 6(d) directs the Court to "distribute the proceeds to those persons designated under subsection (3) who suffered damages . . . in the amount as the court or jury considers fair and equitable considering relative damages sustained by each of the persons and the estate of the deceased." MCLA 600.2922(6)(d); *Robinson v. Fiedler*, 870 F. Supp. 193, 195 (W.D. Mich. 1994), aff'd, 91 F.3d 144 (6th Cir. 1996). The Court cannot adjudicate the interests of all potentially interested persons without

being apprised of the compliance with the notice procedures outlined above. Assuming no other interested persons submit a claim and establish that they have suffered damages, it appears that the balance of the proceeds, after costs are paid, would be distributed to Ms. Marden. However, such interested persons must first have an opportunity to establish that they have suffered damages, and it is not clear that they have had such an opportunity. Section 6(e) appears to provide an alternative procedure whereby all of the persons entitled to proceeds stipulate to a distribution thereof, and the Court enters an order pursuant to such stipulation. It is unclear whether such a stipulation is forthcoming.

Finally, Plaintiff should support the proposed attorney fee award sought in the Motion. *See Flores v. Toadvine*, 2009 WL 3621112, at *1 (E.D. Mich. Oct. 30, 2009) (analyzing fee agreement attached as an exhibit to motion); *Green v. Nevers*, 111 F.3d 1295, 1303 (6th Cir. 1997) (outlining factors to be considered in awarding attorney fees generally). Plaintiff may do so at the hearing or via supplemental briefing.

Accordingly, Plaintiff shall submit a supplemental brief advising the Court of compliance with any applicable notice provisions, and shall advise the Court regarding the proposed distribution in light of the statutory mandates.

It is **ORDERED** that Plaintiff shall file the supplemental brief by **October 2, 2017**.

                                                 s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

Dated: September 26, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2017.

                     s/Kelly Winslow
                     KELLY WINSLOW, Case Manager