UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARYL MARDEN, Personal Representative
of the Estate of JACK BRIAN MARDEN,
deceased,

    Plaintiff,                                                  No. 1:15-cv-14504-TLL-PTM

   v                                                        Hon. Thomas L. Ludington

COUNTY OF MIDLAND, a county governmental
entity; JEFFERY DEROCHER in his individual capacity;
BRIAN KEIDEL in his individual capacity;
RICHARD SPEICH in his individual capacity;
JOSHUA MICHAEL SAYLOR in his individual capacity;
RICH HARNOIS in his individual capacity;
and BRYAN KRYZANOWICZ in his individual capacity,

    Defendants, jointly and severally.
_____

| JULES B. OLSMAN (P28958) | PATRICK A. ASELTYNE (P23293) |
|---|---|
| RANDY J. WALLACE (P57556) | ANDREW J. BREGE (P71474) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 2684 West Eleven Mile Road | 822 Centennial Way, Suite 270 |
| Berkley, MI 48072 | Lansing, MI 48917 |
| (248) 591-2300 | (517) 886-3800 |
| jbolsman@olsmanlaw.com | paseltyne@jrsjlaw.com |

**ORDER GRANTING MOTION FOR SETTLEMENT APPROVAL AND DISPOSITION OF PROCEEDS**

      This case arises out of the tragic death of Jack Brian Marden while in the custody of Defendant Midland County on February 13, 2015. On December 31, 2015, Jack Marden's wife, Plaintiff Sharyl Marden, filed her complaint against Midland County and Captain Richard Harnois, and numerous Midland County jail officers. Compl., ECF No. 1. Plaintiff alleged that Defendants subjected decedent to excessive force and cruel and unusual punishment in violation of the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution, sought punitive

damages pursuant to 42 U.S.C. § 1983, alleged a state law claim for assault and battery, and sought damages under the Michigan Wrongful Death Act, M.C.L. § 600.2922. Compl. at 12–17. After the parties conducted extensive discovery, on January 19, 2017, the Midland County Defendants and the Officer Defendants filed motions for summary judgment. ECF Nos. 49, 51. On March 24, 2017, the Court granted summary judgment for Defendants on all counts. ECF No. 73. Plaintiff appealed on April 10, 2017. ECF No. 75.

While on appeal, after three months of negotiation, the parties entered into a settlement agreement. Not. of Settl., ECF No. 77. The Court entered an Indicative Order Accepting Limited Remand to Conduct Hearing on Proposed Settlement Agreement and Distribution of Proceeds. ECF No. 78. On September 20, 2017, Plaintiff submitted a Motion to Approve Settlement of a Claim for Wrongful Death and Allow Distribution of Proceeds. ECF No. 79. On September 21, 2017, the U.S. Court of Appeals for the Sixth Circuit remanded the case to this Court to conduct a hearing on the proposed settlement and distribution of proceeds. ECF No. 80. The Court held the hearing on October 4, 2017.

**I.**

Plaintiff's motion to approve the distribution of the settlement proceeds was filed pursuant to the Michigan Wrongful Death Act, M.C.L. § 600.2922. Compl. at 12. The Michigan Wrongful Death Act requires that this Court hold a hearing and approve or reject the settlement in this case. *Id.* This Court has jurisdiction to conduct the hearing and approve or reject the settlement and the proposed distribution of proceeds. *Owen v. Twp. of Redford*, 2016 WL 3456922, at *2 (E.D. Mich. June 22, 2016) (citing *Robinson v. Fielder*, 91 F.3d 144 (6th Cir. 1996) (Table Case) (holding that district court had jurisdiction to approve or reject a wrongful death settlement agreement and distribute proceeds under M.C.L. § 600.2922(5)–(9))). The Court

shall approve the settlement where it finds it is fair, equitable, and in the best interest of the estate. *See* M.C.L. § 600.2922 (6); *Owen¸* 2016 WL 3456922, at *1.

Unless waived, the original complaint, as well as notice of the hearing on settlement and distribution of proceeds shall be served upon all interested persons, as defined in the statute. M.C.L § 600.2922(6)(b). Interested persons include "children of the deceased's spouse." M.C.L. § 600.2922(3)(b). The statute outlines the procedure an interested person must follow to make a claim for damages, and notes that failure to do so constitutes a waiver of their interest in the proceeds. M.C.L. § 600.2922 (4)(b)–(d).

**II.**

Decedent was survived by his wife Sharyl Marden who has two adult children from a previous marriage, Cherie Ann Kerns, and Bradley Joseph Schank. Mot. at 3, ECF No. 79. Pursuant to statute, Ms. Kerns and Mr. Schank are interested persons eligible to make a claim for damages. M.C.L. § 600.2922(3)(b). As required by statute, Ms. Kerns and Mr. Schank were provided notice of the filing of the complaint for wrongful death on February 11, 2016, which advised them of their right to make a claim, the procedure for doing so, and that failure to do so will bar their right to recover. Supp. Br. at 2, ECF No. 83; M.C.L. § 600.2922(4)(b)–(d). Neither Ms. Kerns nor Mr. Schank made a claim. Pursuant to statute, Ms. Kerns and Mr. Schank were also provided notice of the hearing on settlement approval and distribution of proceeds. *Id.* at 3. Neither party attended the hearing. Thus, they waived their interests by failing to make a claim or attend the hearing. M.C.L. § 600.2922 (4)(b)–(d), (7).

After considering the record, the proposed settlement, and testimony provided at the hearing on settlement approval, the Court finds that the proposed settlement award of $500,000 is fair, reasonable, and in the best interest of decedent's estate. The Court has also considered the

contingent fee agreement between Plaintiff and her counsel. Aff. of Jules Olsman, Ex. 2, (Contingent Fee Agreement), ECF No. 83-2. The Court finds that the contingency fee award of $138,213.84, amounting to 1/3 of the net recovery after deducting costs of $85,358.47, is reasonable, supported by the record, and compliant with MCR 8.121. Plaintiff's counsel has provided the Court with an itemized report of the costs incurred in this case. The Court has reviewed the cost itemization *in camera* and finds that the costs incurred in this case are reasonable.

Medicare and Blue Cross Blue Shield of Michigan have asserted claims for $17,737.65 and $454.40, respectively. Plaintiff's counsel intends to negotiate these liens and expects to settle the Medicare lien for an amount between $10,000 and $12,000, and the Blue Cross lien for $300. Accordingly, Plaintiff's counsel proposes to deposit the full amount of these claims in an interest bearing account pending resolution of these claims.

**III.**

Accordingly, it is **ORDERED** that the Motion for Settlement Approval, ECF No. 79, is **GRANTED** and the settlement in the amount of Five Hundred Thousand ($500,000.00) Dollars is **APPROVED**.

It is further **ORDERED** that Defendants tender the full and complete amount of the settlement proceeds in this matter to Plaintiff's counsel within seven (7) days of this Court's approval of the settlement of this case. The check shall be made payable to "Sharyl Marden, Personal Representative of the Estate of Jack Brian Marden, and OLSMAN MacKENZIE & WALLACE, P.C." Defendants shall not include any lienholders as payees on the settlement check.

It is further **ORDERED** that the attorney fee in the amount of $138,213.84 is hereby approved;

It is further **ORDERED** that costs in the amount of $85,358.47 are hereby approved;

It is further **ORDERED** that Olsman MacKenzie & Wallace, P.C. hold $17,737.65 in an interest bearing account pending resolution of the Medicare lien in this matter;

It is further **ORDERED** that Olsman MacKenzie & Wallace, P.C. hold $454.40 in an interest bearing account pending resolution of the Blue Cross Blue Shield of Michigan lien in this matter;

It is further **ORDERED** that Jack Brian Marden, deceased, did not sustain conscious pain and suffering prior to his death on February 13, 2015;

It is further **ORDERED** that the proceeds available for distribution at this time, as well as any proceeds that may remain once the liens in this matter are resolved, be distributed as follows:

| | | |
|---|---|---|
| Medicare Reimbursement Escrow | - | $ 17,737.65 |
| Blue Cross/Blue Shield Reimbursement Escrow | - | 454.40 |
| Sharyl Marden | - | 258,235.64 |
| Cherie Ann Kerns | - | -0- |
| Bradley Joseph Schanck | - | -0- |

It is further **ORDERED** that this Court shall retain jurisdiction over payment of the settlement proceeds.

It is further **ORDERED** that the above matter be dismissed with prejudice and without costs and that the case be closed.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: October 11, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 11, 2017.

                                       s/Kelly Winslow
                                       KELLY WINSLOW, Case Manager